UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISADORE J. RUTLEDGE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 2:17-cv-13651

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS [17],
ADOPTING REPORT AND RECOMMENDATION [16],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Isadore J. Rutledge's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 7-2. After the SSA Appeals Council declined to review the ruling, Plaintiff appealed. The Court referred the matter to Magistrate Judge Patricia T. Morris, and the parties filed cross-motions for summary judgment. ECF 2, 11, 15. The magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 16. Plaintiff filed timely objections to the Report. ECF 17. After examining the record and considering Plaintiff's objections de novo, the Court concludes that his arguments do not have merit. Accordingly, the Court will overrule the objections, adopt the Report's

1

findings, deny Plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF 16, PgID 632–43. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party objects. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable

mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in the decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (citation omitted). A court disturbs an ALJ's credibility assessment "only for a compelling reason." *See Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011) (citation omitted).

## DISCUSSION

Plaintiff made three objections. First, Plaintiff argues that the ALJ erred by determining that he could perform sustained light work. ECF 17, PgID 663. Second, Plaintiff maintains that the ALJ failed to properly evaluate opinion evidence. *Id.* at 664. Third, Plaintiff asserts that the ALJ's decision was not supported by substantial evidence. *Id.* at 666.

I. <u>Plaintiff's First Objection</u>

Plaintiff argues that the ALJ improperly determined that he could engaged in sustained light work. ECF 17, PgID 663. The ALJ found that Plaintiff could perform a limited range of "light work" requiring: "a sit/stand option at least every 30 minutes," no more than occasional lifting of 20 pounds and frequent lifting of 10 pounds, occasional crouching, crawling, kneeling, climbing, balancing, bending, or stopping, and a clean-air environment. ECF 7-2, PgID 53–54.

3

In *Branon v. Comm'r of Soc. Sec.*, the Sixth Circuit considered how an ALJ should proceed when a "plaintiff's residual functional capacity was for a limited range of light work," which "falls *between* the category of 'light work' and 'sedentary.'" 539 F. App'x 675, 680 (6th Cir. 2013) (emphasis in original). The *Branon* plaintiff "needed the option to change position every 30 minutes or so." *Id.* The Sixth Circuit concluded that because the plaintiff needed "to alternate between sitting and standing at 30-minute intervals," he fell between the categories of light work and sedentary. *Id.*

In that situation, the ALJ must call a vocational expert ("VE") to testify about the existence of jobs in the national economy. *Id.* Then, "[s]o long as the hypothetical" posed to the VE "is accurate, the administrative law judge may rely on the vocational expert's testimony to find that the plaintiff can perform a significant number of jobs in the national economy." *Id.*

Here, Plaintiff's limitations resemble those of the plaintiff in *Branon*. The ALJ called a VE to testify. Plaintiff does not challenge the hypothetical presented to the VE, and the ALJ relied upon the VE's testimony. As in *Branon*, the Court can find no error in the ALJ's approach. *Id.*

II. Plaintiff's Second Objection

Plaintiff argues that "the ALJ exclusively relied on the opinion of the State agency medical consultant," Dr. Muhammad Khalid, "in determining that Plaintiff was capable of performing a limited range of light work." ECF 17, PgID 665. Plaintiff further represents that Dr. Khalid did not have the results from an August 12, 2015 MRI, which would have "indicate[d] significant problems that Dr. Khalid should have

4

considered." *Id.* at 666. Plaintiff concludes that Dr. Khalid's opinion did not warrant greater weight than Dr. Sethi's opinion, because Dr. Sethi's "records clearly show significant objective physical as well as radiography evidence supporting limitations greater than light work." *Id.*

Plaintiff's objection is unavailing for several reasons. First, he does not identify any medical opinions submitted by Dr. Sethi. *See* 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a patient's] impairment(s)."). Because Plaintiff does not show that Dr. Sethi provided medical opinions as his treating physician, the ALJ could not have afforded greater weight to Dr. Sethi's opinion than Dr. Khalid's. *See* 20 C.F.R. § 404.1527(d)(2) (describing the weight given to opinions of treating sources); *see also* ECF 16, PgID 650–51 (Report describing the lack of a medical opinion from Dr. Sethi).

Second, the ALJ explained that she gave significant weight to Dr. Khalid's opinion because it "was consistent with record evidence, including that Plaintiff's physical examination findings were 'minimal at best' with no evidence of acute distress, gait abnormalities, range of motion deficits, or reduced muscle strength, excepting that one occasion in November 2013." ECF 16, PgID 652–53 (citing ECF 7-2, PgID 57–58). Moreover, the ALJ observed that Plaintiff did not require appointments for his back between November 2013 and July 2015 and did not report back pain during visits to the emergency room in 2014 and 2015. ECF 7-2, PgID 57–58.

5

Finally, Plaintiff's representation that the magistrate judge relied only on Plaintiff's failure to present sufficient medical opinions is belied by the Report. The magistrate judge detailed the ALJ's findings and responded to Plaintiff's arguments about the weight afforded Dr. Khalid's opinion. *See* ECF 16, PgID 652–54.

The ALJ's decision to afford significant weight to Dr. Khalid's opinion is supported by substantial evidence and the ALJ sufficiently explained her reasoning.

III. <u>Plaintiff's Third Objection</u>

Plaintiff claims that the ALJ's decision was not supported by substantial evidence. ECF 17, PgID 666. In support of the argument, Plaintiff acknowledges that the ALJ identified his severe impairments. *See id.* at 667. Plaintiff further represents that he: "gets very little sleep," "has to take naps during the day," "cannot focus," and is preoccupied by thinking about his pain. *Id.* Moreover, Plaintiff testified that he "has to lay down for relief" of his severe pain. *Id.* Plaintiff concludes that "[i]t is impossible, based upon the medical records and testimony, for Plaintiff to perform sustained work." *Id.*

The ALJ explained the she "found no evidence of 'significant deterioration or worsening of [Plaintiff's] lumbar spine,'" and noted that Plaintiff's November 2013 MRI did not show "significant degenerative disc disease changes." ECF 16, PgID 653 (quoting ECF 7-2, PgID 57). The ALJ noted that Plaintiff did not have follow-up appointments about back pain between February 2014 and the date he was last insured in December 2014 but Plaintiff returned to Dr. Sethi in July 2015. ECF 7-2,

6

PgID 57. Nor did Plaintiff report back pain during visits to the emergency room in May 2014 and March 2015. *Id.* at 58.

The ALJ further commented that Plaintiff's asthma appeared to be "sufficiently managed with treatment." *Id.* Plaintiff reported not having to use his rescue inhaler, *id.*, and the record lacked evidence "of any ER treatment for asthma exacerbations, physical exam findings of lung or respiratory abnormalities, or mentions that Plaintiff's asthma was uncontrolled[.]" ECF 16, PgID 653. The medical evidence of Plaintiff's worsening asthma condition arose after the date last that he was insured. *Id.* The ALJ's decision is therefore supported by substantial evidence.

For these reasons, the Court will overrule Plaintiff's objections and adopt the magistrate judge's report.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

                                       s/ Stephen J. Murphy, III
                                       STEPHEN J. MURPHY, III
                                       United States District Judge

Dated: February 27, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2019, by electronic and/or ordinary mail.

                                       s/ David P. Parker
                                       Case Manager